United States District Court

Northern District of California

IN RE PAUL JOHNSON,

       Plaintiff.

Case Nos.     C11-1975 CW (PR)
                  C11-6688 CW (PR)
                  C12-1409 CW (PR)
                  C12-2924 CW (PR)

ORDER DIRECTING PLAINTIFF TO PAY THE FILING FEE OR FILE A NON-PRISONER IN FORMA PAUPERIS APPLICATION IN EACH OF HIS PENDING ACTIONS

Plaintiff filed these pro se civil rights actions under 42 U.S.C. § 1983 when he was incarcerated at California State Prison - Solano. In each action he seeks leave to proceed in forma pauperis (IFP).

Plaintiff has notified the Court that he no longer is incarcerated. His current address of record is 1716 Peggy Court Petaluma, CA 94954.

Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he alleges in an affidavit that he is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). But if the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he will be required to pay the full amount of the filing fee even if he is granted IFP status. See 28 U.S.C. § 1915(b)(1). This is done by way of an "installment plan," whereby the court will assess an initial

1  payment, and the prisoner will be required thereafter to make

2  monthly payments of twenty percent of the preceding month's

3  income credited to his prison trust account.  See id.

4       If a prisoner is released, however, the Court will be unable

5  to collect the funds from his prisoner trust account as required

6  under 28 U.S.C. § 1915(b).  Consequently, because Plaintiff has

7  been released from custody, he now must apply to proceed IFP

8  under the general provisions of 28 U.S.C. § 1915(a)(1).

9       Accordingly, the Court orders as follows: Within thirty days

10  from the date of this Order, Plaintiff either (1) shall pay the

11  $350.00 filing fee for each of his pending actions, or (2) file a

12  completed non-prisoner IFP application in each action in which he

13  seeks leave to proceed IFP.

14       The Court will dismiss without prejudice any pending action

15  in which Plaintiff fails to comply with this Order.

16       The Clerk shall send Plaintiff four non-prisoner IFP

17  applications.

18       It is Plaintiff's responsibility to prosecute this case.  He

19  must keep the Court informed of any change of address and must

20  comply with the Court's orders in a timely fashion.  Failure to

21  do so may result in the dismissal of these actions for failure to

22  prosecute pursuant to Rule 41(b) of the Federal Rules of Civil

23  Procedure.

24       IT IS SO ORDERED.

25  Dated:  7/19/2012

26

27  CLAUDIA WILKEN
    UNITED STATES DISTRICT JUDGE

28

2