IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>    Petitioner,<br><br>  v.<br><br>STEVE FREITAS, SONOMA COUNTY SHERIFF,<br><br>    Respondent.<br>_____/ | No. C 11-6688 CW (PR)<br><br>ORDER DENYING MOTION TO DISMISS AND DIRECTING PETITIONER TO COMPLY WITH COURT ORDER OR FACE DISMISSAL FOR FAILURE TO PROSECUTE |

Petitioner Paul Samuel Johnson filed this pro se petition for a writ of habeas corpus when he was incarcerated. On August 7, 2012, the Court directed Respondent to answer the petition. On October 19, 2012, Petitioner notified the Court (in one of his other then-pending actions) that he was being released from custody and provided a new mailing address. On December 19, 2012, Respondent filed a motion to dismiss the petition as untimely and served it on Petitioner at his new mailing address. Petitioner has not opposed the motion or otherwise communicated with the Court in this case since September 26, 2012.

BACKGROUND

In 2009, Petitioner was convicted by a jury in Sonoma County Superior Court of threatening a public official. He was sentenced to three years in state prison. Resp't Mot. Dismiss, Ex. A at 1.

The conviction was affirmed by the California Court of Appeal on November 18, 2010. Id. The California Supreme Court denied review on January 26, 2011. Id. Exs. B & C.

Thereafter, Petitioner filed seven habeas corpus petitions in

the California Supreme Court, all of which were denied. See id. Exs. D-Q. He filed the present petition on December 8, 2011.

## DISCUSSION

### A. Legal Standard

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254 (b), (c); Rose v. Lundy, 455 U.S. 509, 515 (1982). A federal district court must dismiss a petition containing any claim as to which state remedies have not been exhausted. Rhines v. Webber, 544 U.S. 269, 273-74 (2005).

### B. Analysis

Petitioner raises three claims in the present petition: (1) the evidence presented at trial was insufficient to support the conviction; (2) the trial court erroneously admitted evidence of prior uncharged bad acts; and (3) the trial court erred by not granting his motion to dismiss the information under California Penal Code section 995.

Respondent argues the petition must be dismissed as unexhausted because Petitioner did not present his third claim to the California Supreme Court. The Court, having reviewed the exhibits submitted by Respondent in support of the present motion, agrees the claim is unexhausted. Dismissal of the petition as unexhausted is not warranted, however, because the claim is

2

subject to dismissal for failure to state a cognizable ground for federal habeas corpus relief.

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Thus, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  It is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Petitioner's claim that the trial court erred by not granting his motion to dismiss the information alleges a violation of state laws and procedures, and not the violation of a right secured by the United States Constitution or federal law.  Therefore, this claim is DISMISSED as not cognizable in federal habeas corpus. Because the petition no longer includes an unexhausted claim, Respondent's motion to dismiss the petition as unexhausted is DENIED.

C.   Further Proceedings

Although the petition will not be dismissed as unexhausted, the Court will not require Respondent to file an answer to the petition at this time.  As noted, Petitioner has not opposed the motion to dismiss or communicated with the Court in this case for more than five months.  Additionally, the Court was made aware that Petitioner was released from custody more than four months

3

ago only when he filed a notice of change of address in another of his then-pending cases.  In the Order to Show Cause issued in this case on August 7, 2012, the Court explained:

> It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

Docket no. 17 at 2:23-28.

Based on the above, and in the interests of the just and efficient resolution of this matter, the case will not proceed further until Petitioner notifies the Court and Respondent of his continued intent to prosecute this action, as set forth below.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Respondent's motion to dismiss the petition as unexhausted is DENIED.

2.   No later than **seven** days from the date of this Order Petitioner shall inform the Court and notify Respondent's counsel of his current address and whether he intends to proceed with the prosecution of this action.

<u>Petitioner must file his notice with the Court and also serve his notice on Respondent's counsel.</u>

3.   If Petitioner states his intention to go forward with this action, the Court will set a schedule for further briefing on the merits of the petition.

4.   <u>If Petitioner fails to comply with this Order, this action will be dismissed without prejudice for failure to</u>

4

1  prosecute.

2      This Order terminates Docket no. 23.

3      IT IS SO ORDERED.

5  Dated: 3/19/2013

                CLAUDIA WILKEN
                United States District Judge