IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>    Petitioner,<br><br>  v.<br><br>GREGORY J. AHERN, ALAMEDA COUNTY SHERIFF,<br><br>    Respondent.<br>_____/ | No. C 11-6688 CW (PR)<br><br>ORDER DENYING PETITIONER'S MOTION TO ADD NEWLY EXHAUSTED CLAIMS AND GRANTING EXTENSION OF TIME TO FILE TRAVERSE<br><br>Doc. no. 30 |

On December 8, 2011, Petitioner Paul Samuel Johnson filed this pro se petition for a writ of habeas corpus based on an incident that occurred when he was incarcerated. On April 16, 2013, Petitioner filed a motion to add newly exhausted claims. On June 3, 2013, Respondent filed an answer and response to the petition.[1] The deadline for Petitioner to file his traverse was July 15, 2013, but he has not filed it. Having considered Petitioner's papers in support of his motion to file newly exhausted claims, the Court denies the motion. For good cause appearing, the Court grants Petitioner an extension of time in which to file his traverse.

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Sheriff Gregory J. Ahern as Respondent because he is Petitioner's current custodian.

DISCUSSION

I. Background

In his motion, Petitioner indicates that he has many exhausted claims that he did not include in his original petition and now wants to add them. The "newly exhausted claims" include: (1) actual innocence; (2) prosecutorial misconduct for putting on perjured testimony and dismissing the only juror who was a "person of color;" (3) judicial misconduct for failure to dismiss the case for lack of evidence; (4) ineffective assistance of counsel for failing to call Petitioner's witnesses who would have proved his innocence; (5) ineffective assistance of appellate counsel for failing to assert the above-mentioned claims on direct appeal; and (6) "perjured testimony by a witness."

Respondent submits exhibits in support of his response to Petitioner's petition which show that, from April 21, 2011 through April 26, 2012, Petitioner filed seven petitions for a writ of habeas corpus in the California Supreme Court, all of which were summarily denied. See Exhs. 12-24.

On April 21, 2011, Petitioner filed his first petition for a writ of habeas corpus in the California Supreme Court, which presented the claim that Petitioner's sentence was illegal. Exh. 12. The California Supreme Court denied this petition without comment on June 8, 2011. Exh. 13.

On June 28, 2011, Petitioner filed his second petition which presented the two claims that (1) the trial court erred by permitting the admission of hearsay evidence and (2) insufficient evidence supported his conviction. Exh. 16. On September 21, 2011, the California Supreme Court denied the petition with a

2

citation to In re Clark, 5 Cal. 4th 750, 767-69 (1993).  Exh. 17.  The citation to Clark indicated that the Court's denial was based upon the fact that this was a successive petition which presented piecemeal claims.  Id.

On June 29, 2011, Petitioner submitted his third petition which repeated the claim that his sentence was cruel and unusual and, for the first time, alleged a due process violation based on the fact that, at his rules violation hearing, his right to present witnesses was violated.  Exh. 18.  The California Supreme Court denied this petition without comment on September 21, 2011.  Exh. 19.

On August 30, 2011, Petitioner submitted his fourth petition which asserted the claim that a witness testified untruthfully.  Exh. 20.  This petition was denied without comment by the California Supreme Court on September 21, 2011.  Exh. 21.

On October 11, 2011, Petitioner submitted his fifth petition which again presented the due process claim based on the denial of his right to present witnesses.  Exh. 22.  The California Supreme Court denied this petition on November 2, 2011 with a citation to In re Miller, 17 Cal. 2d 734, 735 (1941).  Exh. 23.  Miller holds that petitioners shall not file repeated petitions based on the same grounds set forth in previous petitions without presenting a change in the facts or the law that substantially affects the rights of the petitioner.  Id.

On November 7, 2011, Petitioner filed his sixth petition which repeated previous claims.  Exh. 24.  The California Supreme Court denied this petition on December 21, 2011 with a citation to Clark, 5 Cal. 4th at 767-69.  Exh. 25.

3

1       On April 26, 2012, Petitioner filed his seventh petition
2  which asserted the previous cruel and unusual punishment claim.
3  Exh. 14.  The California Supreme Court denied this petition on
4  June 29, 2012 citing People v. Duvall, 9 Cal. 4th 464, 474 (1995);
5  In re Dexter, 25 Cal. 3d 921, 925-26 (1979); and In re Swain, 34
6  Cal. 2d 300, 304 (1949).  Exh. 15.

7       The Court's citation to Duvall indicated that the petition
8  did not plead sufficient facts to warrant relief, the citation to
9  Dexter indicated that Petitioner had failed to exhaust his claim,
10 and the citation to Swain indicated that the allegations in the
11 petition were vague, conclusory and insufficient.

II. Analysis

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court.  28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  The petitioner has the burden of pleading exhaustion in his habeas petition.  Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).  A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum, § 2254(c); (2) in the proper manner, Castille v. Peoples, 489 U.S. 346, 351 (1989); and (3) includes the factual and legal basis for the claim, Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir.1999). Full and fair presentation requires a reference to a federal

4

constitutional guarantee and a statement of facts that entitle the petitioner to relief.  <u>Picard v. Connor</u>, 404 U.S. 270, 278 (1971).

A review of the many petitions Petitioner submitted to the California Supreme Court reveals that he did not present to that Court the claims that he now asserts are exhausted.  Accordingly, his motion to add claims is denied.

III. Extension of Time for Traverse

Petitioner's traverse is more than three months overdue.  Petitioner may be waiting for the Court to rule on his motion to add claims before filing the traverse.  Therefore, in the interests of justice, the Court grants Petitioner leave to file his traverse within twenty-eight days from the date of this Order.

CONCLUSION

Based on the foregoing, Petitioner's motion to add newly exhausted claims is DENIED.  Petitioner is granted leave to file his traverse within twenty-eight days from the date of this Order.  The Clerk of the Court is directed to substitute Sheriff Gregory J. Ahern as Respondent.

This Order terminates docket number 30.

IT IS SO ORDERED.

Dated: 10/7/2013

CLAUDIA WILKEN
United States District Judge